**Appeal of THE DANVILLE PRESS,**          **Docket No. 900.**
**INC.**

Submitted May 4, 1925; decided May 21, 1925.

*Henry O. Harriman, Esq.*, for the taxpayer.

*W. Frank Gibbs, Esq.*, and *Ward Loveless, Esq.*, for the Commissioner.

Before Graupner and Phillii·

The taxpayer appeals from a determination by the Commissioner of additional income and profits taxes for 1920 in the sum of $1,607.46. From the testimony the Board makes the following

### FINDINGS OF FACT.

The taxpayer is an Illinois corporation. It began business on the first day of November, 1919, when it purchased from its predecessor, The Democrat Publishing Co., all of its assets for $160,000 cash. The Democrat Publishing Co. published a daily paper known as "The Morning Press," and the publication of this paper was continued by the taxpayer. Among the assets acquired by the taxpayer were 9,000 subscriptions to this newspaper which expired in from one to twelve months. In determining the price at which the assets of The Democrat Publishing Co. were acquired, the sum of $36,000 was agreed upon between the purchaser and the seller to be the value of such unexpired subscriptions. The sum of $20,000 was agreed upon as the value of the good will, which included the value of that portion of the circulation not covered by subscriptions and representing sales on the street and elsewhere.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

Phillips: The taxpayer claims the right to deduct in 1920 depreciation in the sum of $30,000, representing ten-twelfths of $36,000 paid by it for 9,000 subscriptions obtained upon and as a part of the purchase by it of all the assets of a corporation publishing a daily newspaper. The taxpayer urges that, as all of these subscriptions expired within a period of 12 months, it is entitled to write off within that period the total amount paid for such subscriptions. This necessarily involves the proposition that at the end of such period the subscription list purchased by it had no value. We can not agree that this is so, nor can we agree that what the taxpayer purchased was 9,000 contracts expiring within 12 months. It purchased an asset which was a subscription list subject to fluctuations from time to time.